*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MULTICARE HEALTH CENTER and
GROESBECK RX, LLC,

      Plaintiffs-Appellants,

v

PROGRESSIVE MARATHON INSURANCE
COMPANY,

      Defendant-Appellee.

UNPUBLISHED
July 20, 2026
1:45 PM

No. 374992
Oakland Circuit Court
LC No. 23-202174-NF

Before: MALDONADO, P.J., and RIORDAN and YOUNG, JJ.

PER CURIAM.

In this first-party no-fault action, plaintiffs-appellants, Multicare Health Center ("Multicare") and Groesbeck RX ("Groesbeck") (collectively, "plaintiffs"), appeal the trial court's order granting summary disposition in favor of defendant-appellee, Progressive Marathon Insurance Company ("defendant") under MCR 2.116(C)(10). Due to various delays in communication and scheduling during discovery, defendant ultimately moved the trial court to compel plaintiffs to produce three of their witnesses for depositions. The trial court granted the motion to compel, but plaintiffs failed to timely produce the witnesses. The trial court sanctioned plaintiffs for violating the order to compel by striking these witnesses from testifying at trial. Shortly thereafter, the trial court granted summary disposition to defendants, concluding that without the testimony of the stricken witnesses, plaintiffs failed to produce sufficient evidence to demonstrate an essential element of its claim.

We reverse the trial court's striking of plaintiffs' experts, vacate the trial court's grant of summary disposition to defendant, and remand for further proceedings.

## I. FACTUAL BACKGROUND

Plaintiffs filed this first-party no-fault lawsuit on August 20, 2023, to recover fees for medical treatment they provided to Veronica Ginn following her involvement in an auto accident. Defendant responded to the Complaint on November 3, 2023. Plaintiffs' initial disclosures were

-1-

due on November 17, 2023.[1]  On November 4, 2023, the trial court entered a scheduling order in the case, setting forth the following dates:

- Witness list and proposed exhibit list exchange date: February 9, 2024
- Discovery cutoff date: March 8, 2024
- Dispositive motions filed by: May 9, 2024
- Motions in limine heard by: thirty days before trial (May 28, 2024)
- Case evaluation: April 2024
- Settlement conference/final pretrial: May 9, 2024 at 8:30 am
- Trial: June 27, 2024 at 8:30 am

On February 15, 2024, defendant filed its initial disclosures and requests for discovery.  On March 12, 2024, defendant filed the first motion to adjourn the scheduling order.  The trial court granted the motion, thereby amending the scheduling order dates as follows:

- Witness list and proposed exhibit list exchange date: May 29, 2024
- Discovery cutoff date: June 6, 2024
- Dispositive motions filed by: June 14, 2024
- Mediation/facilitation completed by: July 26, 2024
- Case evaluation: April 2024
- Final pretrial conference: August 12, 2024 at 8:30 am
- Trial: September 30, 2024 at 8:30 am

In May 2024, both parties' original counsel were substituted for new counsel.  Plaintiffs substituted original counsel with an entirely new firm, the Dollar Law Firm, filing a notice of appearance on May 27, 2024.  Defendant's counsel was replaced by a new attorney within the same firm, so no notice was filed.[2]  See MCR 2.117(B)(4)(b) ("appearance of an attorney is deemed to be the appearance of every member of the law firm").

On May 24, 2024, defendant filed its second motion to adjourn the scheduling order as well as a motion to dismiss/compel discovery responses and initial disclosures.  In its motion to dismiss/compel discovery, defendant argued that plaintiffs' discovery responses were overdue by more than two months, despite defendant sending multiple emails to plaintiff requesting the outstanding discovery.

On June 4, 2024, the court entered a stipulated order compelling plaintiffs to provide their responses to defendant's requests for discovery as well as plaintiffs' initial disclosures by June 11, 2024.  The trial court also granted defendants' second motion to adjourn the scheduling order, which now set the following dates:

---

[1] See MCR 2.301 and MCR 2.302(A).
[2] The trial court did ultimately enter an order substituting counsel on September 18, 2024.

- Witness list and proposed exhibit list exchange date: August 27, 2024
- Discovery cutoff date: September 4, 2024
- Dispositive motions filed by: September 12, 2024
- Mediation/facilitation completed by: October 24, 2024
- Final pretrial conference: December 12, 2024 at 8:30 am
- Trial: January 23, 2025 at 8:30 am

Plaintiffs filed their initial disclosures and their responses to defendants' discovery requests on June 9, 2024. These initial disclosures and discovery responses identified Dr. Allan Schwartz as the Corporate Representative of Multicare and Ali Saad as the Corporate Representative of Groesbeck RX. Plaintiffs provided that Schwartz and Saad would be expected to testify regarding the billing procedures and the reasonableness and customariness of the charges at issue with respect to their offices. Plaintiffs also provided Schwartz and Dr. Zenith Khan as experts expected to testify as to the necessity of treatment.

On July 5, 2024, counsel for defendant emailed counsel for plaintiff, requesting availability for taking the depositions of Khan, Schwartz, and Saad. Two days later, plaintiffs' counsel replied, ignoring defendant's question and instead inquiring about a different deposition: "[w]e still do not have a deposition date for your adjuster. Please provide available dates." Defendant replied two days later with potential dates for taking its adjuster's deposition in October. Plaintiffs did not respond.

Defendant followed up on July 12 to request dates for taking the depositions of Khan, Schwartz, and Saad. Plaintiffs' counsel replied that day, "[t]he depositions need to take place in and around the same time" and reminded that the adjuster's deposition would be taking place in October. Defendant immediately replied, "[u]nderstandable" and asked for potential dates in October, but plaintiffs did not respond. Defendant sent a follow-up email on July 17; plaintiffs again did not respond.

Having not heard back from plaintiffs regarding scheduling depositions of their witnesses, on July 24, 2024, defendant served three notices of taking depositions for Khan, Schwartz and Saad. Khan's deposition was set for September 3, and Schwartz and Saad's depositions were set for September 4. One day later, defendant filed a motion to compel the depositions of these three witnesses. Plaintiffs did not file any response to the motion. On August 6, 2024, the trial court granted defendant's motion to compel the depositions of Khan, Schwartz and Saad and specifically ordered that the depositions take place within 30 days, i.e. September 5, 2024 (one day after discovery was set to close).

On August 8, 2024, defendant emailed plaintiffs requesting deposition dates pursuant to the court's order to compel. In response, counsel for plaintiffs instructed defendant to contact Edward Ewald, an attorney from an entirely different firm. Ewald was eventually identified as the witnesses' "personal attorney" who "typically becomes involved with scheduling depositions of his clients and often attends the depositions to represent them personally." On Friday, August 9, 2024, defendant emailed Ewald, copying plaintiffs' counsel, and requesting availability to depose plaintiffs' witnesses. Ewald replied that same day stating, "Ok. I will be in a better position to address this on Monday." Monday came and went; Ewald did not reach out. Defendant followed up with Ewald on Tuesday, August 13, but Ewald never replied.

The parties did not exchange any further correspondence until August 28, when plaintiffs' counsel emailed defendant, copying Ewald, and stating, "Attorney Ed Ewald is cc-ed. The deponents are available on September 9, September 11, or September 18." On August 30, 2024, defendant agreed to schedule all three depositions for September 11, and asked if the witnesses should be scheduled in a specific order or time of day. Plaintiffs did not respond until September 4,[3] at which time they stated:

> Regarding the 2:00 deposition of Ali Saad scheduled for September 11, I have an in-person appointment scheduled at 1:00, and I will be unable to get back for the deposition by 2:00. If I can arrange it with Mr. Saad, would you be willing to move the deposition back to perhaps 3:00 or 3:30?

Defendant replied later that day:

> It will be no problem to schedule Dr. Saad's deposition for 3pm on September 11th. However, we have not received an official response as to what time of day we can schedule any of the depositions of all 3 doctors including Drs. Allan Schwartz and Zenith Khan.

> We will go ahead and notice Dr. Saad's for September 11th at 3 pm. Is it ok to set the others for September 12th at 1pm and 3pm, respectively, since your Wednesday is already booked up? Thank you[.]

Plaintiffs did not respond. Discovery closed the next day, September 5, 2024. On September 9, 2024, defendant filed a motion to dismiss based on plaintiffs' violation of the August 6, 2024 order to compel or in the alternative to strike all the witnesses whose depositions they failed to timely schedule.

> On September 11, 2024, Ewald emailed defendant regarding deposition scheduling:

> We need to reschedule these depositions. There has been some confusion. I have not received any notices or information regarding zoom.

> I now have an unexpected hearing tomorrow that will tie up the middle of the day.

> I will get new dates.

Plaintiffs filed their response to defendant's motion to dismiss on September 16, 2024. The response argued that "Plaintiffs understood that [the] depositions were scheduled most recently for September 11, 2024 but because of what the Plaintiffs' counsel understands were unanticipated conflicts in Mr. Ewald's schedule the depositions did not go that day." Plaintiffs explained that they offered to reschedule the depositions of Schwartz and Khan for September 18, that they said

---

[3] We note that August 30, 2024 was the Friday of Labor Day weekend, meaning that September 4, 2024, was the Wednesday after Labor Day Monday.

they would look for another date for Saad, and that "Ewald has assured the parties that his clients will continue to cooperate in getting these depositions completed."

The next day, the trial court issued an order granting defendant's request to strike the three witnesses from testifying at trial but denying defendant's request to dismiss the case. The court reasoned, "Plaintiff's [sic] failure to provide discovery has prejudiced Defendant's ability to defend the case. It does not appear that a lesser sanction would better serve the interests of justice where discovery has now closed." Given the court's order, defendant emailed plaintiffs to see if they would agree to dismiss the case on September 19, 2024. Plaintiffs refused.

Because the deadline passed for filing dispositive motions, defendant filed a motion for leave to file a motion for summary disposition on September 26, 2024. The motion argued that without the testimony of Schwartz, Khan, and Saab, plaintiffs "will be unable to satisfy their burden establishing the alleged services at issue were reasonably necessary for underlying claimant's care, recovery or rehabilitation following the subject motor vehicle accident." While that motion was pending, plaintiffs moved for reconsideration of the September 17, 2024 order striking plaintiffs' witnesses. Plaintiffs denied expressing any willful failure to cooperate with the scheduling order and blamed the deposition scheduling issues on general misunderstandings between the parties and their attorneys. Plaintiffs argued that the court's decision to strike the three witnesses is "tantamount to a dismissal of the Plaintiffs' cases." In its response, defendant characterized plaintiffs' motion as "dishonest, erroneous, and misleading" and requested reconsideration be denied.

On December 3, 2024, the trial court granted defendant's motion for leave to file its motion for summary disposition. Defendant filed its motion for summary disposition on December 5. In that motion, defendant argued that without testimony from the three witnesses the trial court struck, plaintiffs could not meet their burdens of proof for their claims at trial.

On December 20, 2024, the trial court denied plaintiffs' motion for reconsideration, stating, "[h]aving reviewed Plaintiff's motion and Defendant's response, the Court finds no palpable error in its September 17, 2024 decision."

Plaintiffs filed a response to defendant's motion for summary disposition on January 29, 2025, arguing "that [p]laintiffs' case does not rest solely on [the three] witnesses" and outlining the evidence plaintiffs would present at trial to establish their claims. The summary disposition hearing was scheduled for March 12, 2025.

On the date of the hearing, plaintiffs' counsel did not appear. According to the trial court:

> After waiting approximately 15 minutes for Plaintiff's attorney to appear, the Court briefly discussed the matter with Defendant's attorney. The Court indicated that it was waiving oral argument and would issue a written opinion. The Court then ended the Zoom session. Plaintiff's attorney appeared by telephone several minutes later.

That same day, the court issued a written opinion granting defendant's motion for summary disposition. The trial court opinion reasoned that

Plaintiff[s] . . . submitted medical records regarding the claimant's injuries and treatment and states that [they] ha[ve] witnesses to support [their] claims. Plaintiff[s] ha[ve] not, however, submitted affidavits, deposition testimony, or other evidence showing that the treatment was reasonable and necessary. . . . Because Plaintiff[s] ha[ve] failed to produce evidence sufficient to demonstrate an essential element of [their] claims, the Court concludes that Defendant is entitled to summary disposition.

Plaintiffs appealed.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

A trial court's decision on a discovery sanction is reviewed on appeal for abuse of discretion. *Local Area Watch v Grand Rapids*, 262 Mich App 136, 147; 683 NW2d 745 (2004). A decision to grant or deny a motion for reconsideration is also reviewed for abuse of discretion. *Kokx v Bylenga*, 241 Mich App 655, 689; 617 NW2d 368 (2000). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Under MCR 2.116(C)(10), summary disposition is appropriate "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018) (quotation marks and citation omitted). "Because a motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint, the circuit court must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012).

### B. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO ADEQUATELY CONSIDER THE DEAN[4] FACTORS BEFORE STRIKING PLAINTIFFS' WITNESSES AS A DISCOVERY SANCTION

Trial courts have the inherent authority to sanction litigants and their attorneys. *Maldonado v Ford Motor Co*, 476 Mich 372, 375; 719 NW2d 809 (2006) (citations omitted). Though trial court holds the authority to bar witnesses or dismiss an action as a discovery violation sanction, the exercise of that authority is "discretionary rather than mandatory [and] necessitates a consideration of the circumstances of each case to determine if such a drastic sanction is appropriate." *Dean v Tucker*, 182 Mich App 27, 32; 451 NW2d 571 (1990). Specifically, "[w]here the sanction is the barring of an expert witness resulting in the dismissal of the plaintiff's action, the sanction should be exercised cautiously." *Id*. (citation omitted). "[T]he record should reflect that the trial court gave careful consideration to the factors involved and considered all of its

---

[4] *Dean v Tucker*, 182 Mich App 27, 32; 451 NW2d 571 (1990).

-6-

options in determining what sanction was just and proper in the context of the case before it." *Id*. (citation omitted). The factors to be considered include

> (1) whether the violation was wil[l]ful or accidental, (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses), (3) the prejudice to the defendant, (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice, (5) whether there exists a history of plaintiff engaging in deliberate delay, (6) the degree of compliance by the plaintiff with other provisions of the court's order, (7) an attempt by the plaintiff to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice. This list should not be considered exhaustive. [*Id*. at 32-33 (citations omitted).]

In *Dean*, this Court overturned the trial court and held that it abused its discretion in striking plaintiff's untimely witness list and barring the proposed witnesses from testifying at trial. *Id*. at 35. After the trial court in *Dean* struck plaintiff's witnesses, the court granted summary disposition to the defendant. This Court reversed, finding the trial court failed to consider the above referenced factors before rendering its decision, as "the record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it." *Id*. at 32.

Here, in the September 17 order, the trial court order provided the following reasoning before striking plaintiffs' witnesses:

> When considering an appropriate sanction for a discovery violation, the Court considers the factors set forth in *Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990). Here, Plaintiff's repeated failure to cooperate with scheduling the depositions appears to be willful rather than accidental. The record indicates that Plaintiff's failure to comply with discovery was repeated where Plaintiff failed to timely produce its initial disclosures, failed to respond to Defendant's attempts to schedule the depositions, and failed to comply with a court order compelling the depositions. There appeared to be no attempt to cure the defect where multiple attempts to communicate regarding the discovery went unanswered. Plaintiff's failure to provide discovery has prejudiced Defendant's ability to defend the case. It does not appear that a lesser sanction would better serve the interests of justice where discovery has now closed. Accordingly, the court orders that Dr. Schwartz, Dr. Khan, and Ali Saad may not testify at trial.

Though the trial court acknowledged the controlling *Dean* factors, acknowledgement alone is not enough. The trial court essentially stated in a conclusory fashion that plaintiffs continuously and willfully failed to comply with discovery, did not attempt to "cure the defect," and that defendant was prejudiced by these actions. The court did not, however, explain what defect needed to be cured nor how defendant was prejudiced. The court also concluded that no "lesser sanction would better serve the interests of justice where discovery has now closed" but failed to consider any potential lesser sanction on the record. We find this reasoning to be inadequate.

To support its assertion that "Plaintiff[s'] failure to comply with discovery was repeated" the trial court stated that "Plaintiff failed to timely produce its initial disclosures[.]" Although technically true that plaintiffs' initial disclosures were originally late, this ignores the fact that the parties stipulated to an extension of that deadline and thus agreed to treat plaintiffs' initial disclosures as timely. The order further states that plaintiffs "failed to respond to Defendant's attempts to schedule the depositions, and failed to comply with a court order compelling the depositions," but only the latter is a discovery violation. Although repeated refusals to communicate with opposing counsel regarding scheduling or other matters may reflect bad practice which we do not endorse, we are unaware of any court rule or other authority that renders this behavior, in and of itself, violative of a court rule. Furthermore, to the extent that the court is considering the parties' early July communications, that is particularly true where some of defendant's communications that went without timely response actually pre-date defendant's filing of any deposition notices (which did not happen until July 24) and thus do not reflect discovery noncompliance. It is undisputed that plaintiffs did violate the court's August 6 order to compel the depositions of the three witnesses within thirty days, but that is the only discovery violation reflected on the record before us.

The result of that violation was, in essence, dismissal outright, as defendant argued in its motion for summary disposition. "[W]hen an order that precludes a witness from testifying would effectively result in a dismissal, the trial court must engage in more rigorous considerations before doing so." *Smith v Beaumont Health*, unpublished per curiam opinion of the Court of Appeals, issued September 12, 2024 (Docket No. 365062), p 6, citing *Dean*, 182 Mich App at 32.

We further find inadequate the trial court's consideration of potential lesser sanctions before striking plaintiffs' witnesses. While the trial court stated no lesser sanctions would be adequate, it did not state what those sanctions could be. It is not clear to this court why, for example, attorney fees or other cost assessments prove inadequate here. See e.g. *Brown v Allstate Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued May 13, 2026 (Docket No. 374501), p 5 (where the trial judge considered imposing the lesser sanction of "award[ing] attorney fees that were incurred as a result of [plaintiff's] pattern of repeated noncompliance with discovery obligations."). This court has made clear that "the trial court *must* consider other potential sanctions on the record before entering an order that effectively amounts to a dismissal." *Smith*, unpub op at 7, citing *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280, 283 (1995) (emphasis in original).

III. CONCLUSION

For these reasons, we reverse the trial court's order striking plaintiffs' witnesses, vacate the order granting defendant's motion for summary disposition, and remand this matter for further proceedings consistent with this opinion.[5] We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Riordan
/s/ Adrienne N. Young

---

[5] Plaintiffs' arguments related to its motion for reconsideration have been rendered moot by our reversal of the dismissal order. See *McCracken v Detroit*, 291 Mich App 522, 531; 806 NW2d 337 (2011), quoting *Attorney Gen v Pub Serv Comm*, 269 Mich App 473, 485; 713 NW2d 290 (2005). Consequently, we decline to consider those arguments.